## KOCH v. GOOD GOVERNMENT LEAGUE OF DADE COUNTY, Inc., et al.

No. 63-C-10324.

Circuit Court, Dade County.

October 4, 1963.

64

66

68

Starr W. Horton, Miami, for plaintiff.

Thomas D. O'Malley of Kaplan, Ser, Abrams & O'Malley, Miami, for defendant Good Government League of Dade County, Inc.

Darrey A. Davis, County Attorney, for the defendant county.

GEORGE E. SCHULZ, Circuit Judge.

*Final decree:* The above entitled cause came on for final hearing by stipulation of the parties; a motion to dismiss and answer were filed on behalf of the defendant, Good Government League of Dade County, Inc., a Florida corporation; further, an answer was filed by the defendant, Metropolitan Dade County, a politi-

cal subdivision of the state of Florida, joining in the prayers of the plaintiff's complaint. The court took testimony offered by the plaintiff, and the court heard oral argument on behalf of all parties. After consideration of the pleadings, together with the evidence, arguments of counsel, and memorandum briefs, the court has jurisdiction of this cause, and so finds.

In this case the plaintiff seeks to have the court determine the constitutionality of the following proposed charter amendment to article 9, section 9.03 (A) of the charter of Metropolitan Dade County, adopted May 21, 1957, as amended, as set forth in resolution no. 8852, section 1, paragraph numbered 4, of the county commission of Metropolitan Dade County; said proposed amendment reads as follows —

REASSESSMENT 1966

A. That the board of county commissioners shall not provide for or order complete reassessment according to law of all real and tangible personal property within the incorporated and unincorporated areas of the county exclusive of property assessed by the state, prior to January 1, 1966; provided that nothing herein shall be construed to limit or prohibit the reassessment, from time to time, of single items of real and tangible personal property within the incorporated and unincorporated areas of the county, exclusive of property assessed by the state, as provided by the general laws of the state pertaining to such reassessment.

and if the proposed amendment as hereinabove set forth is found to be unconstitutional that this court shall enjoin Metropolitan Dade County from placing it upon the ballot to be submitted to the electors of Dade County at a special election set for November 5, 1963.

The court is cognizant that the electorate of Dade County may, from time to time, revise and amend the home rule charter that was adopted on May 21, 1957, provided, of course, that such revisions or amendments do not conflict with the constitution of this state, or any general laws that apply to Dade County, or any one or more counties. Under the constitution this county — as are all counties of the state — is required to have a rate of taxation that is uniform. Assessed valuations shall be a just valuation of all taxable property, and the county tax assessor is required to assess all property on that basis. See section 193.021, Florida Statutes.

Under the constitution, and by subsequent legislation, it is the duty and obligation that assessments must be reassessed each taxable year for the purpose of a uniform valuation throughout the county. The proposed amendment to article 9, section 9.03 (A) of the charter of Metropolitan Dade County initiated by a petition signed by sufficient number of electors — therefore making it

mandatory that the board of commissioners submit such proposal to all the electors at a special election — conflicts with sections 1 and 5 of article IX, section 11 of article VIII of the Florida constitution, chapter 63-250, Laws of Florida, and section 129.03, Florida Statutes. This for the reason it appears from the proposed amendment that it is intended to prohibit the county tax assessor from placing just valuations on all taxable property *according to law* prior to January, 1966. Therefore, such amendment, if adopted by the electors, would be invalid and unconstitutional.

There is some doubt in the mind of the court as to the exact intention of the proposed charter amendment, as to whether it is intended to prohibit the tax assessor from assessing taxable property according to law, or whether it seeks to prohibit the county commission from making an appraisement of all property in Dade County in accordance with the provisions of section 193.111, Florida Statutes — but regardless, such amendment would be unlawful because in the latter instance it conflicts with a general law, section 193.111, Florida Statutes, and is in violation of section 11, paragraph 5, of article VIII of the Florida constitution.

With respect to the propriety of determining the constitutionality of a proposed amendment in advance of an election called for the purpose of allowing the voters to express approval or disapproval of the amendment, the court is of the opinion that when the question of constitutionality of a proposed charter amendment materially involves the public interest and welfare, and will have certain effects upon the county government, and where such proposal is patently invalid on its face, it is incumbent upon the court to make a determination before it is submitted to the electorate — so that it will not, without lawful authority, approve an amendment that is unconstitutional.

It is thereupon ordered, adjudged and decreed as follows —

(a) That the proposed amendment to article 9, section 9.03(A) of the charter of Metropolitan Dade County, adopted May 21, 1957, as amended, as set forth in resolution no. 8852, section 1, paragraph numbered 4, of the county commission of Metropolitan Dade County, is hereby declared to be invalid and unconstitutional. (b) That the defendant, Metropolitan Dade County, a political subdivision of the state of Florida, is hereby restrained from placing upon the ballot such proposed charter amendment, or, if already on the ballot, is hereby directed to delete such proposed charter amendment from the ballot prior to the special election called for November 5, 1963. (c) That the motion to dismiss filed on behalf of the defendant, Good Government League of Dade County, Inc., a Florida corporation, is hereby denied.